### BENNETT *vs.* COOPER and others.

A county court must be held at the place appointed by law. In matters requiring notice, the county judge cannot hold an adjourned court at his chambers.

Where a county judge adjourned the court to his chambers, and there heard all the proceedings for the discharge of an insolvent, and granted the discharge; *held* that the same was void.

THIS was an action on a bond given for the jail limits, and was tried at the Greene circuit, November, 1870, without a jury. Isaac M. Cooper, one of the defendants, had been taken on execution against the person, and had given this bond, for the limits. He afterwards went beyond the limits, and the bond was assigned by the sheriff to the plaintiff, who brought this action. The defense was that Cooper was discharged by the county court, prior to the escape. The question was on the validity of the discharge; and the alleged ground of invalidity was, that all the proceedings were had at the office of the county judge, at a so called adjourned county court.

*A. C. Griswold*, for the plaintiff.

*Olney & King*, for the defendants.

LEARNED, J. There was a regular term of the county court held in September, 1868. On the 10th of September an entry was made in the minutes, in these words : "Court adjourned to 19th instant, at 10 A. M., at chambers of judge." The first proceedings for the discharge were on the 19th of September, at the county judge's office; and the final proceedings were on the 21st of the same month, at the same place. There was no term of the court until December. It was claimed that on one or two occasions, during these proceedings, the attorney for the plaintiff was present. But he did not formally appear, nor intend

Bennett *v.* Cooper.

to appear. If he had appeared in the proceedings, it is possible that, under section 31 of the Code, his appearance would have waived a notice; and that thus the county court might have been considered to be in session at the time when the proceedings were had.

But there was no appearance; and the question remains simply as to the power of the court to adjourn to the judge's chambers and act there as a court, in matters requiring notice.

The same section (31) requires the terms of the court to be held at the places designated by statute.

By the law, as it stood prior to the constitution of 1846, the courts of common pleas, in all cases not specially provided for, were to be held at the court houses in the respective counties. (2 *R. S. marg. p.* 215, § 21, *part* 3, *ch.* 1, *title* 5.) The constitution of 1846 substituted county courts for courts of common pleas. (*Art.* 6, § 14. *Art.* 14, § 5.) . The legislature, in the following year, provided that the terms of the county courts should be held at the court house, or other usual place of holding courts of common pleas. (*Sess. Laws* 1847, *ch.* 280, § 26.)

The distinction in the Supreme Court, between business which can be done at chambers and that which must be done at term, is familiar, and is often recognized in the Code. (*See* §§ 27 *and* 401, *subd.* 3.) It is true that this distinction has practically been somewhat obliterated by the last clause of section 24, authorizing the adjournment of a special term to chambers; and by the practice which has grown up under that section, and which has been recognized in the *The People* v. *Central City Bank*, (53 *Barb.* 412.) But I see no authority to extend. that power to the county court. Indeed, section 31 implies that in proceedings of which notice must be given, the court is not always open. Of course I have no doubt that the proceedings in this case were conducted as fairly as they would have been in open court. Of this the high character of the judge is

ample guaranty. Still I think that the law requires the county court of Greene to be held at the court house; and that there is wisdom in giving that publicity to legal proceedings which they cannot so well have in the office of the judge. To allow the court to be adjourned to the office of the judge, and there continued from time to time, as was done in this case, is practically to repeal section 31 of the Code.

I shall, therefore, hold that the plaintiff is entitled to recover.

[GREENE SPECIAL TERM, November 21, 1870. *Learned,* Justice.]